**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**STONEBRIDGE LIFE INSURANCE CO.,**

    Plaintiff,

vs.                                                                             **No. Civ. 10-582 MV/DJS**

**JOSE GARCIA; ROBERT PENNINGTON;**
**THE ESTATE OF MELODY ANN PENNINGTON GARCIA;**
**and CARL A. BROWN,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) a joint motion by Stonebridge Life Insurance Company ("Stonebridge"), the Estate of Melody Ann Pennington Garcia ("Estate") by and through Robert Pennington ("Pennington"), and Carl A. Brown ("Brown") for an Order entering a judgment granting relief on Stonebridge's Amended Complaint for Interpleader, filed October 25, 2010 [Doc. 8]; (ii) Stonebridge's *Motion for Default Judgment Against Defendant Jose Garcia*, filed October 28, 2010 [Doc. 14]; (iii) pro-se Defendant Jose Garcia's *Motion for Extension of Time,* filed November 9, 2010 [Doc. 18]; (iv) Garcia's *Motion to Perfect Service*, filed December 16, 2010 [Doc. 30]; (v) Garcia's *Motion to Set Aside Entry of Default*, filed December 16, 2010 [Doc. 31]; and (vi) Garcia's *Rule 12(b) Motion*, filed January 5, 2010 [Doc. 34].

Having considered the parties' submissions[1], the record and the relevant law, I will deny the motion for default judgment, grant Garcia's motion for an extension of time in which to file a complete answer to the Amended Complaint, and vacate the clerk's entry of default. I will further

---

[1] Garcia's hand-written submissions have been difficult to decipher. In the future, he must print or write more legibly.

order the parties to brief issues that were not raised by the parties but that must be answered in determining the appropriate resolution of this case.

## I.     Background facts and proceedings.

The facts in this case are essentially undisputed.  In August 2007, Garcia was convicted of having murdered his wife, Melody, on June 4, 2004.  The Court takes judicial notice that Garcia's conviction was upheld on appeal on June 5, 2008, and that on August 21, 2009, the New Mexico Supreme Court denied his petition for a writ of mandamus.  The Court further takes judicial notice that Garcia filed a state petition for habeas relief on April 15, 2009, and that on October 20, 2010, the state-district judge gave Garcia an additional 90 days to amend the petition (which was the second time since February 12, 2010 that Garcia had been permitted an extension of time in which to amend).  *See State v. Garcia*, No. D-1010-CR-200700026, Tenth Judicial District Court, DeBaca County, New Mexico.  The basis of the habeas petition apparently is ineffective assistance of counsel.  *See* Doc. 17 at 2.  Garcia remains incarcerated.

Melody had a life-insurance policy through Stonebridge under which a $25,000 death benefit is payable to a beneficiary.  *See* Doc. 1, Ex. A. The policy provides that, "at [Melody's] death," the proceeds of the policy would be paid to her "spouse, if living; otherwise equally to [her] then living lawful children, if any, . . . . otherwise equally to [her] living parents or parent; otherwise to [her] estate."  *Id.* Ex. A. at 5.  But New Mexico law provides:

> In all cases involving . . . contracts, whether of real, personal, or mixed properties, where a person, who, by committing murder and where such person is convicted of either a capital, first or second degree felony, and might receive some benefit therefrom either directly or indirectly, the common-law maxim to the effect that one cannot take advantage of his own wrong, shall control and be applied to the interpretation, construction and application of all statutes or decisions of this state in order to deprive and prevent him from profiting from such wrongful acts.

N.M.S.A. 1978 § 30-2-9.  At the time she was murdered, Melody was survived by Garcia; by her

son, Carl Brown (who was 25 years old at the time of Melody's death); and by her mother, her two sisters, and a brother. *See* Doc. 1, Ex. B at 4. On July 27, 2009, Robert Pennington (Melody's brother and the personal representative of her estate) filed a "Proof of Accidental Death" with Stonebridge. *See* Doc. 1, Ex. B at 1, 7. Carl Brown also filed a "Proof of Accidental Death" claim on August 20, 2009. *See* Doc. 1, Ex. C. On September 28, 2010, however, Brown signed a notarized statement requesting the funds owed by Stonebridge "be relinquished to the estate of Melody Ann Pennington Garcia." *See* Doc. 8, Ex. A.

Stonebridge filed its amended *Complaint for Interpleader* on June 18, 2010. *See* Doc. 5. In its request for relief, Stonebridge requested five remedies:

> 1. That process or summons issue out of this Court for the three Defendants, requiring each of them to appear and answer this amended complaint.
> 2. That Defendants be ordered to interplead and settle among themselves their rights or claims to the benefit due under the Policy and deposited in Court as alleged.
> 3. That this Court issue an Order of Injunction enjoining and restraining Defendants from instituting or prosecuting any suit or proceeding against Plaintiff in any other Court on account of the Policy, and that in due course the Order of Injunction be made permanent.
> 4. That an award be made to Plaintiff out of the funds herewith deposited in this Court to pay for costs, counsel fees and other expenses Plaintiff is compelled to expend in the prosecution of this suit.
> 5. That Plaintiff is discharged from all further liability relating to the Policy and that Plaintiff have such other and further relief as may be just and equitable.

Doc. 5 at 3-4. When no Defendant had filed an answer, at Stonebridge's request, the Clerk filed an entry of default on November 1, 2010 only against Garcia. *See* Doc. 15. Subsequently, Garcia concurrently filed an answer to the Amended Complaint and a motion for extension of time to answer more fully, admitting that he had been served in July 2010, but contending that he needed more time to respond because he had mailed the Amended Complaint to an attorney and was not allowed to make a copy before mailing it. *See* Doc. 17 at 1-2. He also complained that his pod had been in lock-down status such that he was unable to access the law library, and that scheduling for

the law library was so restricted that he could only be there an hour a week. *See* Doc. 18 at 2. In subsequent motions, Garcia further contends that, because he was served an incomplete copy of the amended Complaint (page 4 of the Complaint is missing) and several of the Exhibits attached to the Complaint also have missing pages, service of process was not fully accomplished and the entry of default should be set aside and the motion for default judgment should be denied. *See* Docs. 31, 34. Garcia recently informed the Court that Stonebridge has now sent to him a complete copy of the amended complaint and attachments. *See* Doc. 18.

Garcia filed a second Answer to the Complaint on December 8, 2010, noting that, while he had been convicted of murdering his wife, he "has affirmative defense of pending appeal." Doc. 27 at 2. The other Defendants filed a joint answer to the Amended Complaint on December 1, 2010. *See* Doc. 25. Garcia suggests that Stonebridge may be colluding with the other Defendants because it did not file for default judgment against them, even though they did not answer the Amended Complaint until after he brought that fact to the Court's attention.

**II.     Analysis.**

    **A. Default.**

Under FED. R. CIV. P. 55, "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Courts generally seek to avoid default judgments because there is a strong policy in favor of decisions on the merits. *See Katzson Bros., Inc. v. United States EPA*, 839 F.2d 1396, 1399 (10th Cir. 1988); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). The disposition of a motion for entry of a default judgment by the Court lies within the Court's sound discretion. *See Gomes*, 420 F.2d at 1366. "[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal quotation marks omitted). In deciding whether

to enter default judgment, the Court may consider a variety of factors, like whether the defendant's failure to plead or otherwise defend was due to inadvertence and not to bad faith, and whether the plaintiff was prejudiced, *see Grandbouche v. Clancy*, 825 F.2d 1463, 1467-68 (10th Cir. 1987). When deciding whether to ignore a technical default, the Court need not analyze the issue by considering the more stringent factors relevant to setting aside a judgment. *See* Rule 55(c); *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir. 1997).

All of the Defendants, including Garcia, were technically in default by failing to timely answer the Amended Complaint. I conclude that Garcia's failure to answer was not due to bad faith or dilatory tactics, and that Stonebridge has not been prejudiced by the delay. Although Stonebridge argues that Garcia's claim that he did not receive a complete, organized copy of the Amended Complaint is not credible, I note that Stonebridge did not submit affidavits from the process server or the person who compiled the summons and complaint that a complete, organized copy of the amended complaint was attached to the summons served on Garcia. I conclude, therefore, that service of process was incomplete and that the entry of default should be vacated and the motion for default should be denied. I further conclude that Garcia has now been properly served, and he will be given an opportunity to file a more complete answer to the Amended Complaint if he desires.

### B. Further briefing.

It is clear, however, that based on the answers Garcia and the other Defendants have filed thus far and the documents attached to the Amended Complaint, Stonebridge should be allowed to interplead and deposit the life-insurance-contract amount into the Court's registry so that Garcia and the Estate of Melody Ann Pennington Garcia may brief the merits of who is entitled to the insurance proceeds. Before that happens, however, and before the Court enters an order "enjoining and restraining Defendants from instituting or prosecuting any suit or proceeding against Plaintiff in any

5

other Court on account of the Policy," and awards Stonebridge, out of the funds to be deposited in this Court, its costs, counsel fees and other expenses as requested and discharges Stonebridge "from all further liability relating to the Policy," *see* Amended Complaint at 3-4, additional briefing on two issues shall be filed by the parties. First, because the insurance contract provides for payment of the insurance proceeds at the time of the insured's death and two of the potential beneficiaries are pro se, the parties shall brief whether Stonebridge is also liable for any interest accruing from the date of Melody's death to the date it filed its interpleader action. And second, the parties shall brief the issue regarding whether Stonebridge is contractually or otherwise entitled to attorney fees and other expenses for having filed the interpleader action and, if so, who should pay those fees as well as the costs of filing the complaint for interpleader. Ruling on the Joint Motion [Doc. 8] will be withheld until that briefing is completed.

As an additional matter, Garcia and the Estate of Melody Pennington (since Brown has agreed that the insurance proceeds should be paid to the Estate) shall also further brief the following issue regarding the merits of who is entitled to receive the proceeds of Melody's insurance policy: should the Court stay a decision regarding the rightful beneficiary to the proceeds of an insurance contract when the primary beneficiary has been convicted of murdering the insured, the conviction has been upheld on appeal, and only a habeas petition is pending?

**IT IS ORDERED** that the *Motion for Default Judgment Against Defendant Jose Garcia* [Doc. 14] is DENIED;

**IT IS FURTHER ORDERED** that Garcia's *Motion for Extension of Time to File a response* [Doc. 18] is GRANTED and that he shall have twenty days from the filing of this Order to file an additional Answer;

**IT IS FURTHER ORDERED** that Garcia's *Motion to Perfect Service* [Doc. 30] is DENIED

as moot;

**IT IS FURTHER ORDERED** that Garcia's *Motion to Set Aside Entry of Default* [Doc. 31] is GRANTED and that the Clerk's Entry of Default [Doc. 15] is VACATED;

**IT IS FURTHER ORDERED** that Garcia's *Motion for Order under Rule 12(b)* [Doc. 34] is DENIED AS MOOT; and

**IT IS FURTHER ORDERED** that, within thirty days of the entry of this Order, the parties shall contemporaneously brief the issues set forth above under paragraph B of the Analysis section, and the parties shall not file response briefs unless I request additional briefing.

**DATED** this 29th day of March, 2011.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**